Mr. Charles T. Whitelock City of Miramar Labor Counsel 316 Northeast Fourth Street Fort Lauderdale, Florida 33301-1154
Dear Mr. Whitelock:
On behalf of the City of Miramar, you ask substantially the following question:
Are the provisions of section 112.0455, Florida Statutes, applicable to the City of Miramar?
In sum:
The provisions of the Drug-Free Workplace Act, section 112.0455, Florida Statutes, are applicable to state agencies and not to municipalities, but the provisions of sections 440.101-440.102, Florida Statutes, may be utilized by a municipality to establish a drug-free workplace program.
Section 112.0455, Florida Statutes, the "Drug-Free Workplace Act,"[1] seeks to promote the goal of a drug-free workplace within government through fair and reasonable drug-testing methods.[2] An employer seeking to institute a drug-free workplace program must provide notice to employees.[3] Under the act, an employer may conduct four types of drug testing: job applicant testing, reasonable suspicion testing, routine fitness for duty testing, and follow-up testing.[4]
You note that while various provisions of Chapter 112, Florida Statutes, include municipalities,[5] section 112.0455, Florida Statutes, defines the term "[e]mployer" for purposes of that section as "any agency within state government that employs individuals for salary, wages, or other remuneration."[6] You therefore ask whether the provisions of section 112.0455, Florida Statutes, apply to municipalities.
In Attorney General Opinion 96-89, this office considered whether the provisions of section 112.0455, Florida Statutes, applied to a water control district created pursuant to Chapter 298, Florida Statutes. Relying on the statute's definition of "employer," this office concluded that section 112.0455, Florida Statutes, does not apply to the special district since the water district is not a "state agency." As this office noted, state offices or agencies are component parts of the state whose jurisdiction extends to every part of the state, while districts (or municipalities) are defined portions or subdivisions of the state whose powers are limited to their geographic boundaries.[7]
While a municipality would not appear to be a state agency for purposes of section 112.0455, Florida Statutes, the program established by section 112.0455, Florida Statutes, is not the exclusive statutory drug testing program. A program established under Chapter 440, Florida Statutes, authorizes the same types of testing as the workers' compensation program described above.
Pursuant to section 440.101, Florida Statutes, it was the intent of the Legislature in establishing this program
"to promote drug-free workplaces in order that employers in the state be afforded the opportunity to maximize their levels of productivity, enhance their competitive positions in the marketplace, and reach their desired levels of success without experiencing the costs, delays, and tragedies associated with work-related accidents resulting from drug abuse by employees."[8]
An "[e]mployer" for purposes of the act is defined as "a person or entity that employs a person and that is covered by the Workers' Compensation Law."[9] As a local governmental entity, the municipality may provide workers' compensation pursuant to Chapter 440, Florida Statutes, either individually or by entering into an interlocal agreement for this purpose.[10] Thus, the municipality may adopt the drug-free workplace program as contained in Chapter 440, Florida Statutes.
If the municipality determines that it will institute this drug-free workplace program, notice must be given to employees and job applicants regarding the employer's policy on employee drug use.[11] Moreover, if an employer does not have a drug testing program in place prior to adopting the drug-free workplace program, at least sixty days must elapse between a general one-time notice to all employees that a drug testing program is being implemented and the beginning of actual drug testing.
Section 440.102(4), Florida Statutes, identifies four types of drug testing that may qualify the employer for reduced rates for workers' compensation insurance when a drug-free workplace plan is implemented. An employer is required to utilize one of these types of drug tests in order to qualify for such discounts:
"1. Job applicant drug testing. — An employer must require job applicants to submit to a drug test and may use a refusal to submit to a drug test or a positive confirmed drug test as a basis for refusing to hire a job applicant.
2. Reasonable-suspicion drug testing. — An employer must require an employee to submit to reasonable-suspicion drug testing.
3. Routine fitness-for-duty drug testing. — An employer must require an employee to submit to a drug test if the test is conducted as part of a routinely scheduled employee fitness-for-duty medical examination that is part of the employer's established policy or that is scheduled routinely for all members of an employment classification or group.
4. Follow-up drug testing. — If the employee in the course of employment enters an employee assistance program for drug-related problems, or a drug rehabilitation program, the employer must require the employee to submit to a drug test as a follow-up to such program, unless the employee voluntarily entered the program. In those cases, the employer has the option to not require follow-up testing. If follow-up testing is required, it must be conducted at least once a year for a 2-year period after completion of the program. Advance notice of a follow-up testing date must not be given to the employee to be tested."[12]
Accordingly, I am of the opinion that while the provisions of section 112.0455, Florida Statutes, are applicable to state agencies and thus are inapplicable to a municipality, the provisions of sections 440.101-440.102, Florida Statutes, may be utilized by a municipality to establish a drug-free workplace.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 112.0455(1), Fla. Stat.
[2] Section 112.0455(2)(a), Fla. Stat.
[3] See, s. 112.0455(6), Fla. Stat.
[4] Section 112.0455(7)(a)-(d), Fla. Stat.
[5] See, e.g., s. 112.044(2)(a), Fla. Stat., defining "Employer" to include municipalities for purposes of s. 112.044 relating to age discrimination; and s. 112.19(1)(a), Fla. Stat., defining "Employer" to include municipalities for purposes of s. 112.19, relating to death benefits for law enforcement, correctional, and correctional probation officers.
[6] See, s. 112.0455(5)(h), Fla. Stat.
[7] See generally, Op. Att'y Gen. Fla. 84-21 (1984) and 77-140 (1977); and see, 81A C.J.S. States s. 80 ("State officers" in the more restricted sense of that term have been distinguished from those of a county, district, or town, the usual ground of distinction being that the powers and duties of the state officer are coextensive with the state and those of the other officer coextensive only with the political subdivision he serves).
[8] Section 440.101(1), Fla. Stat.
[9] Section 440.102(1)(h), Fla. Stat.
[10] See, s. 440.02(14), Fla. Stat., which defines "(e)mployer," for purposes of the Workers' Compensation Law, to include "the state and all political subdivisions thereof, . . .;" ss.440.102(1)(h) and (m), Fla. Stat. And see, s. 1.01(8), Fla. Stat., stating that in construing the Florida Statutes, where the context will permit, the term "political subdivision" includes "cities [and] towns."
[11] Section 440.102(3)(a)1.a. and b., Fla. Stat. The general statement on the employer's policy on employee drug use must identify: 1) the types of drug testing to which an employee or job applicant may be required to submit; and 2) the actions the employer may take against an employee or job applicant on the basis of a positive drug test result.
[12] Compare, the definitions of the types of testing authorized in s. 112.0455(7), Fla. Stat.